IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

YU HIN CHAN,

        Plaintiff,

v.                                                                               No. 1:25-cv-00776-KWR-LF

RE/MAX,
KEVIN MCCLANAHAN,
KAREN MAY BACDAYAN,
SHANTONU BASU,
CARMEN A. PACHECO, and
DAWN HILL-KEARSE,

        Defendants.

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

The only allegations in *pro se* Plaintiff's Complaint state:

1.        The current owner of the apartment where Plaintiff resides is Re/Max, as the former owner Raymond Chan claimed in his sworn affidavit,

2.        Defendant Re/Max, Kevin C. McClanahan, Karen May Bacdayan, Carmen A. Pacheco, Dawn Hill-Kearse, and Shantonu Basu conspired together in forging the record that Plaintiff filed an Answer to a Court case but truth being Plaintiff never did,

3.        This Court has jurisdiction under the RICO Act.

Complaint, Doc. 1, filed August 8, 2025.

United States Magistrate Judge Laura Fashing notified Plaintiff of the following deficiencies in the Complaint:

    (i)     Plaintiff's allegation that the Court has jurisdiction under the RICO Act is not sufficient to state a federal law claim. "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Davison v. Grant Thornton*

        *LLP*, 582 Fed.Appx. 773, 775 (10th Cir. 2014) (quoting *Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986)). The Complaint does not identify the specific provision of the RICO Act under which Plaintiff's claim arises and does not allege any facts showing that this case arises under the RICO Act.

(ii)    The Complaint should be dismissed for failure to state a claim upon which relief can be granted because it does not explain what each Defendant did to Plaintiff. "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).

(iii)    It appears that this case arises from Defendants' alleged conspiracy and forgery in a court case. If that court case was a case in a state court, then it appears the Court may lack jurisdiction over this case pursuant to the *Younger* abstention doctrine and/or the *Rooker-Feldman* doctrine due to the state court proceeding. If Plaintiff's claims arise from Defendants' actions in a case in federal court, then it appears this case may be barred by the doctrine of *res judicata*.

*See* Order to Show Cause at 3-5, Doc. 4, filed August 18, 2025. Judge Fashing ordered Plaintiff to show cause why the Court should not dismiss this case and to file an amended complaint and notified Plaintiff that failure to timely show cause and file an amended complaint may result in dismissal of this case. *See* Order to Show Cause at 8. Plaintiff did not show cause, file an amended complaint or otherwise respond to the Order to Show Cause by the September 8, 2025, deadline.

The Court dismisses this case without prejudice for lack of jurisdiction, for failure to state a claim upon which relief can be granted and based on Plaintiff's failure to comply with the Order to Show Cause. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

                                                **/S/ KEA W. RIGGS**
                                            **UNITED STATES DISTRICT JUDGE**